IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| BETH EDWARDS<br>102 MILLER AVENUE<br>GRANVILLE, OHIO 43023 | :<br>:<br>: |
| Plaintiff, | :<br>: Case No.<br>: |
| v. | : Judge<br>: |
| RPM INTERNATIONAL INC.<br>c/o CORPORATION SERVICE COMPANY<br>50 WEST BROAD STREET, SUITE 1330<br>COLUMBUS, OHIO 43215 | :<br>:<br>: Magistrate Judge<br>: |
| Defendant. | :<br>: |

## COMPLAINT

Now comes Plaintiff Beth Edwards (hereafter "Plaintiff" or "Edwards") and for her Complaint against Defendant RPM International Inc. (hereafter "Defendant" or "RPM") states and avers as follows:

**PARTIES**

1. Plaintiff Beth Edwards is a resident of the State of Ohio.

2. Defendant RPM International Inc. is located in Medina County, in Medina, Ohio and is authorized to conduct business in the State of Ohio.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 42 USC Section 2000e-5(f)(3), 42 USC Section 12101 et seq., and 28 USC Section 1331, as well as this Court's power to assert supplemental jurisdiction of state claims. Plaintiff satisfied all pre-requisites for filing suit, including

{00193412-1}

12. At time if her transfer, during her employment as a sales representative and at the time of her termination, Beth was the only female sales representative for Defendant.

13. Defendant utilizes a scale to measure sales performance. For example, a first year sales representative needed to exceed sales of $288,750 of certain products. Beth sold $526,435 of those products her first year, Fiscal Year (FY) 2016 FY2016, with total sales of $1,400,000.00.

14. Beth was the top performing first year representative.

15. In a regional meeting in January 2017, Beth received specific adulation and recognition for her sales performance during a presentation to her peers, given by her direct supervisor.

16. Following Beth's first year, she received information from CHI that it would be in a spending freeze for FY 2017.

17. In FY 2017, Beth's minimum sales requirements were $400,000.00. Despite the freeze, Beth exceeded her minimum with sales of $423,000.00, and with total sales of $470,000.00.

18. By June 19, 2017, Beth had already placed orders for FY 2018 for CHI totaling over $380,000.00 (in just the first 3 weeks of the fiscal year).

19. Defendant terminated Beth on June 19, 2017.

20. Defendant has a history of only employing men in sales roles nationally.

22. After being transferred to the role of sales representative, Beth requested she be given a territory like her male counterparts / comparators. Defendant refused to give Beth a territory. Every male associate hired during Beth's employment as a sales representative was given a territory. Following Beth's placement in Ohio, there was a territory which became available. Beth again requested the available Ohio territory. She was a denied. A male sales representative was assigned the available Ohio territory following his hiring (which occurred after Beth requested the territory).

{00193412-1}

To be sure, one the reasons provided for Beth's termination was failure to develop a territory – a characteristic curiously not required of male sales representatives, which in this case was the entirety of the remaining sales representatives employed by Defendant ( more than three hundred in number).

23. Following her termination Beth was replaced by a male who is now in charge CHI, of the multi-million-dollar account that Beth had obtained. Curiously the male replacement was also assigned a territory in addition to CHI.

24. Beth had far exceeded her goals for FY2016 and exceeded her minimum sales goals for FY 2017.

25. Similarly situated younger male co-workers who did not meet their minimum or who had less sales were not terminated.

26. Similarly situated younger male co-workers who did not have over 1/4 million dollars in sales in the first 3 weeks of June were not terminated.

27. Similarly situated younger male co-workers who did not have $500,000 for the past two years who were not terminated.

28. ALL Similarly situated males hired as sales representatives were given a sales territory.

29. There was no legitimate business reason for Plaintiff's termination. Defendant terminated Beth Edwards for illegal and improper reasons. Defendant terminated Beth Edwards because she was a woman and/or because of her age.

**FIRST CAUSE OF ACTION - Title VII Discrimination Based Upon Sex**

**30.** Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 29 above as if fully rewritten herein.

31. Defendant discriminated against Plaintiff with respect to the terms, conditions, and

{00193412-1}

privileges of employment because of her sex. Defendant disciplined Plaintiff for pre-textual reasons because of her sex, all in violation of 42 USC Section 2000e.

32. By disciplining Plaintiff, and otherwise discriminating against her on the basis of her sex, Defendant committed unlawful employment practices within the meaning of 42 USC Section 2000e-2(a) in violation of the Title VII of the Civil Rights Act of 1964, as amended.

33. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated.

34. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

35. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION - Chapter 4112 Discrimination Based Upon Sex**

**36.** Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 33 above as if fully rewritten herein.

37. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because of her sex. Defendant terminated Plaintiff for pre-textual reasons because of her sex, all in violation of Section 4112.02(a) of the Ohio Revised Code for which Defendant is liable pursuant to Section 4112.99 of the Ohio Revised Code.

38. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated.

39. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected

{00193412-1}

rights, and for such willful conduct, Defendant is liable for punitive damages.

40. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**FIFTH CAUSE OF ACTION – ADEA – Age Discrimination**

41. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 38 above as if fully rewritten herein.

42. Plaintiff is 49 years old.

43. Plaintiff states that the actions of the Defendant in terminating her was because of her age in violation of 29 USC §§626 et seq. the ADEA.

44. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated.

45. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

46. As a result of Defendant's unlawful actions, Plaintiff is entitled to all damages as provided by the ADEA including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Beth Edwards prays for judgment against Defendant RPM International (Tremco), on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to

{00193412-1}

be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00193412-1}

EEOC Form 161-B (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

Exh. A

| To: | Beth Edwards<br>102 Miller Avenue<br>Granville, OH 43023 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2017-01469 | Luisa Burgos, Investigator | (216) 522-7400 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     _Connie Davis_ for Cheryl Mabry, Director     2/9/2018 (Date Mailed)

cc:
Shaw McGraw, Esq.
Vice President & General Counsel
Tremco Incorporated
3735 Green Rd
Beachwood, OH 44122

Erica A. Probst, Esq.
KEMP, SCHAEFFER & ROWE
88 West Mound Street
Columbus, OH 43215

Enclosure with EEOC
Form 161-B (11/16)